# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: STACY WALLACE, A MEMBER OF A JURY | ) 10cv2564<br>) **JUDGE GOTTSCHALL**<br>) **MAGISTRATE JUDGE BROWN**<br>) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Stacy M. Wallace, who served as a juror in the United States District Court for the Northern District of Illinois from March 15-18, 2010, has informed the Court that she believes she was terminated from her employment at Select Remedy, located in Crest Hill, Illinois, due to her jury service. The Court informed Select Remedy in writing of Ms. Wallace's claim and asked it to provide the Court with a response by April 10, 2010. The Court has not received such a response. Based on what Ms. Wallace has informed the Court as summarized below, Ms. Wallace's claim has probable merit.

## FACTUAL BACKGROUND

Ms. Wallace began her employment at Select Remedy as a clamp truck driver in early March 2010. Before her first day of work, Ms. Wallace informed Select Remedy's On-Site Manager, Daniel Aspiros, that she had been called for jury duty for March 15, 2010, and Mr. Aspiros said that would not be a problem.

For the first approximately two weeks of her employment, Ms. Wallace received all-day training without incident, and her job responsibilities were to consist of unloading packages from trucks on a loading dock. During her training, her supervisor told her and other clamp-truck-driver trainees that, during the first ninety days of their employment, productivity would not be a

factor in judging their performance. Shortly after she started working for Select Remedy, Mr. Aspiros requested documentation related to her anticipated jury duty. On Thursday, March 11, 2010, Ms. Wallace provided her jury summons to Mr. Aspiros, who made copies of it and returned it. Ms. Wallace asked Mr. Aspiros at that time whether her jury duty would be a problem, and Mr. Aspiros said that it would not.

Sunday, March 14, 2010, was Ms. Wallace's second day on the job after having completed her training, and she was assigned to unload a large number of packages that had been previously damaged. Ms. Wallace's supervisor told her that a male clamp truck driver would provide her with assistance, that she was not responsible for damaging the packages, and that she should not worry about the incident. He also took pictures of the packages to document that they had been damaged before being unloaded.

The next day, Ms. Wallace was sworn-in as a member of a jury in federal court. During that day, she left a voice mail message for Mr. Aspiros that she would be serving on a jury that week and that he could call her on her cell phone if he had any questions. She served on the jury from March 15-18, 2010, during which time she did not hear from anyone at Select Remedy.

When she arrived at work on Sunday, March 21, 2010, her supervisor told her that she did not work there anymore. He said that she had not been on the employee roster all week and that he did not think that she worked there anymore because she had not been at work. When Ms. Wallace informed her supervisor that she had been on jury duty, he asked whether she had provided documentation, and she said yes and that she had called as well. Ms. Wallace then gave her badge to the supervisor and left.

Ms. Wallace has not received any paperwork related to her termination. In an attempt to

speak with Mr. Aspiros, Ms. Wallace made repeated phone calls to Select Remedy between March 21 and 24, 2010. She spoke with a woman named Nancy, who said that she would have Mr. Aspiros call Ms. Wallace. On March 24, 2010, Mr. Aspiros called Ms. Wallace on the telephone, stated that he had attempted to call her the previous week and that she had been let go because of her productivity, not her jury duty, and hung up.

Shortly thereafter, Ms. Wallace informed the Court that she believed Select Remedy terminated her based on her jury service. On March 25, 2010, the Court sent a letter to Mr. Aspiros, apprising him of Ms. Wallace's claim and requesting a response by April 10, 2010. The Court has received no such response.

## LEGAL STANDARD

In 1978, Congress enacted 28 U.S.C. § 1875 to accord statutory protection to the employment status of federal jurors during jury service and to give federal district courts original jurisdiction under 28 U.S.C. § 1363 to hear civil claims brought by jurors alleging wrongful termination in retaliation for jury service. H.R. Rep. 95-1652, 95th Cong., 2d Session (1978), 1978 U.S.C.C.A.N. 5477. Previously, courts had used their contempt powers to punish employers who had retaliated against employees, but reliance on the contempt power had been ineffective because jurors were frequently reluctant to report the intimidation or threats, and employers were able to design their actions to evade an effective response by the courts. *Id.* Section 1875 performs several functions to protect jurors from unlawful termination by putting employers on notice of their legal duties, offering employees assurances that their rights are protected by the law, and giving district courts explicit jurisdiction to hear matters regarding juror discrimination.

3

Section 1875, which statutorily protects federal jurors' employment, provides that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." 28 U.S.C. § 1875(a). Under the statute, a juror is entitled to damages for any lost wages or other benefits suffered due to a violation. 28 U.S.C. § 1875(b)(1). Furthermore, courts may enter injunctive relief, including reinstatement of a juror's employment. 28 U.S.C. § 1875(b)(2). A civil penalty of not more than $5,000 per violation may also be imposed on the employer. 28 U.S.C. § 1875(b)(3).

Upon application by an individual claiming wrongful discrimination based on her juror status, courts may appoint counsel for the individual if the claim is found to have "probable merit." 28 U.S.C. § 1875(d)(1). "A probable merit threshold is a low standard, whereby the court finds it is *likely* for the claim to have merit." *In re Steven Geocaris, a Member of a Petit Jury*, No. 1:08-cv-07213, 2008 WL 5263145, at *2 (N.D. Ill. Dec. 17, 2008) (emphasis in original); *see also In re a Member of a Special Grand Jury: Jonathan E. Stott*, Gen. Order No. 10-002, at 9 n.3 (N.D. Ill. Feb. 22, 2010) (noting that "[t]he term 'probable' is defined as 'relatively likely but not certain; plausible" (quoting The American Heritage Dictionary 987 (2d College ed. 1982)). Appointed counsel "shall be compensated and necessary expenses repaid to the extent provided by section 3006A of title 18, United States Code," the statute addressing payment of appointed counsel for criminal defendants. 28 U.S.C. § 1875(d)(1). Additionally, should an employee prevail, the court may award attorney's fees to the employee pursuant to 28 U.S.C. § 1875(d)(2).

## ANALYSIS

The Court's role at this stage is to assess whether there is probable merit to Ms. Wallace's claim that Select Remedy terminated her employment because of her jury service. Given the nature of this rather low standard, the allegations made by Ms. Wallace, and the lack of any response by Select Service, there is probable merit to Ms. Wallace's claim.

To be liable under § 1875(a), Select Remedy only needed to "discharge, threaten to discharge, intimidate, or coerce [Ms. Wallace] by reason of [her] jury service, or the attendance or scheduled attendance in connection with such service." 28 U.S.C. § 1875(a). Based on the uncontradicted information provided to the Court, Select Remedy could very well be found to have unlawfully deprived Ms. Wallace of employment, to which all jurors are entitled under 28 U.S.C. § 1875. At this preliminary stage, there is sufficient evidence to establish the statutorily required "probable merit" to Ms. Wallace's claim that Select Remedy discharged her due to her jury service in violation of 28 U.S.C. § 1875. In making this ruling, the Court emphasizes that this finding is based on a preliminary evaluation of Ms. Wallace's claim and constitutes a preliminary finding that Ms. Wallace's claim is likely but is not certain to have merit. Appointed counsel should undertake a further pre-filing investigation to make a determination consistent with Federal Rule of Civil Procedure 11 of whether a civil suit should be filed.

## CONCLUSION

Pursuant to 28 U.S.C. § 1875, the Court orders the appointment of attorney Matthew C. Crowl for juror Stacy Wallace in her claim of juror discrimination against her prior employer, Select Remedy. Appointed counsel is requested to contact Ms. Wallace upon receipt of this appointment.

Dated: April 26, 2010

ENTERED:

AMY J. ST. EVE
United States District Court Judge